UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JANICE CHORPENNING, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE B. BARNHART, Commissioner of )<br>Social Security, )<br>)<br>Defendant. ) | CAUSE NO. 1:05-CV-369 |

## OPINION AND ORDER

Plaintiff Janice Chorpenning brought this suit to contest a denial of disability benefits by Defendant Jo Anne B. Barnhart, Commissioner of Social Security ("Commissioner"). On August 22, 2006, this Court entered an order that affirmed in part and reversed in part the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings. (Docket # 23.) Chorpenning now moves to recover attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket # 25, 37.) The Commissioner, however, opposes Chorpenning's fee request, arguing that its position was "substantially justified." (Docket # 31.)

For the reasons set forth herein, Chorpenning's motion for attorney fees will be DENIED.

### *A.  Legal Standard*

Under the EAJA, "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A).

The Seventh Circuit has explained that the substantial justification standard requires that the Commissioner show that its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (internal quotation marks omitted); *see also Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of establishing that its position was substantially justified. *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724.

In making a determination of substantial justification, EAJA fees may be awarded if either the Commissioner's prelitigation conduct or its litigation position was not substantially justified. 28 U.S.C. § 2412(d)(2)(D); *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724. However, the court must "make only one determination for the entire civil action." *Golembiewski*, 382 F.3d at 724. Thus, a court must make a "global assessment" to determine whether the Commissioner was "substantially justified in continuing to push forward at each stage." *Hallmark Constr.*, 200 F.3d at 1081.

### B. Discussion

In its Order of August 22, 2006, this Court affirmed in part and reversed in part the Commissioner's decision, finding that the ALJ's credibility determination was supported by substantial evidence but that the ALJ erred in arriving at his step five finding and by improperly evaluating the opinions of Chorpenning's treating physicians. (Op. and Order at 17-26.) The Commissioner claims that its position was substantially justified because (1) the Court affirmed

2

the ALJ's credibility determination; (2) the Commissioner rationally thought that the ALJ met the minimal articulation standard with respect to his consideration of the treating physician opinions because he mentioned two of the factors listed in 20 C.F.R. § 404.1527(d); and (3) the Commissioner rationally believed that the vocational expert's offer to "identify 270 jobs in the immediate, downtown Ft. Wayne area" sufficiently satisfied the Seventh Circuit Court of Appeal's requirement that a vocational expert's foundation be "available on demand." (Def.'s Objection to Pl.'s Application for EAJA Fees at 3-6.)  Ultimately, the Commissioner's position is convincing.

     As to the Commissioner's first argument, however, the fact that the ALJ's credibility determination was affirmed is not necessarily dispositive as to the award of fees.  "In short, the government's success concerning one small part of its . . . argument does not render either the Secretary's underlying position or the government's overall litigating position substantially justified." *Holden v. Heckler*, 615 F. Supp. 686, 696 (D.C. Ohio 1985); *see also Kopulos v. Apfel*, No. 98 C 4115, 1999 WL 1565201, at * 2 (N.D. Ill. Nov. 15, 1999) ("The fact that plaintiff did not prevail on all the issues presented does not defeat an EAJA fee application); *see generally Hensley v. Eckerhardt*, 461 U.S. 424, 435 (1983) ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not sufficient reason for reducing a fee.  The result is what matters.").  Of course, the Court will consider its affirmation of the ALJ's credibility determination when making its  "global assessment" of whether the Commissioner's position was substantially justified.

     Next, the Commissioner contends that its defense of the ALJ's consideration of the

3

opinions of Chorpenning's treating physicians was substantially justified. When reversing and remanding the case, the Court found that the ALJ failed to meet his duty of minimal articulation when the ALJ ostensibly collapsed the two-step process of weighing a treating source's opinion, making it difficult to determine, without speculation, whether the ALJ committed legal error and whether he weighed the treating physicians' opinions using all of the factors listed in 20 C.F.R. § 404.1527(d).

The Commissioner, arguing that its position was substantially justified, cites *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992), for the proposition that an articulation deficiency does not justify an award of attorney fees.[1] (Def.'s Objection at 4.) Indeed, an ALJ's failure "to meet th[e] articulation requirement in no way necessitates a finding [that] the [Commissioner's] position was not substantially justified . . .," because "[t]he requirement that the ALJ articulate his consideration of the evidence is deliberately flexible." *Stein*, 996 F.2d at 319-20. The Commissioner argues that its belief that the ALJ met his burden of minimal articulation was reasonable because "the ALJ fully discussed the evidence and specifically addressed two of the factors listed in 20 C.F.R. § 404.1527(d)." (Def.'s Objection at 4.)

Here, the ALJ thoroughly summarized the opinions of Dr. Miller and Dr. Lazoff, Chorpenning's treating physicians, contrasting inconsistencies he noted within and between the two opinions. (*See* Tr. 22-24.) The ALJ then determined that neither was entitled to controlling weight. *Cf. Golembiewski*, 382 F.3d at 724 (awarding attorney fees where the ALJ's decision included *no discussion* of the claimant's credibility). After reaching this determination,

---

[1] Insofar as the government claims that *Stein* establishes a *per se* rule that "an articulation deficiency does not justify an award of attorney fees," this argument is rejected. *See Conrad v. Barnhart*, 434 F.3d 987, 991 (7th Cir. 2006) ("Any reliance on *Stein* as establishing such a per se rule would be erroneous . . . .").

4

however, the ALJ simply failed to articulate his analysis of the factors under 20 C.F.R. § 404.1527(d) to assign each of the opinions an appropriate weight. *See Cunningham*, 440 F.3d at 865 (upholding a denial of attorney fees by distinguishing the ALJ's "fail[ure] to connect all the dots in his analysis" from the ALJ's failure in *Golembiewski* to engage in *any* credibility determination). Given that "the level of articulation required is far from precise," *Stein,* 966 F.2d at 319, the Court agrees that the Commissioner's position with respect to the treating physicians' opinions was substantially justified.[2] *See Cunningham*, 440 F.3d at 865 ("We have no trouble concluding the Commissioner's position was substantially justified, even though the ALJ was not as thorough in his analysis as he could have been.").

  Finally, the Commissioner asserts that its argument in support of the ALJ's step five finding was substantially justified, because it rationally believed that the vocational expert's offer to "identify 270 jobs in the immediate, downtown Ft. Wayne area" sufficiently satisfied the Seventh Circuit Court of Appeal's requirement that a vocational expert's foundation be "available on demand." *See McKinnie v. Barnhart*, 368 F.3d 907, 910 (7th Cir. 2004) ("A vocational expert is 'free to give a bottom line,' but the data and reasoning underlying that bottom line must be 'available on demand' if the claimant challenges the foundation of the vocational expert's opinions.") (quoting *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002))). The Commissioner further contends that, in contrast to the claimant in *McKinnie*,

---

[2] Chorpenning argues that the ALJ did more than fail to meet the burden of minimum articulation, contending that the ALJ committed an error of law by failing to consider *all* of the factors listed in 20 C.F.R. § 404.1527(d). The Seventh Circuit, however, has not mandated that an ALJ provide a written analysis of all of the factors. *See Hofslien v. Barnhart*, 439 F.3d 375, 377 (7th Cir. 2006) ("The Rule [20 C.F.R. § 404.1527(d)] goes on to list various factors that the administrative law judge *should* consider, such as how often the treating physician has examined the claimant, whether the physician is a specialist in the condition claimed to be disabling, and so forth.") (emphasis added).

Chorpenning never expressly demanded that the vocational expert produce his underlying research.

The Commissioner's position is persuasive.  In *McKinnie*, the claimant expressly asked that the vocational expert supplement the record with his underlying research; in response, the ALJ insisted that the claimant pay for the preparation of these materials. 368 F.3d at 911.  The Seventh Circuit concluded that the vocational expert's research was not "available on demand" if a claimant must pay for it. *Id*.  In contrast, Chorpenning never requested that the record be supplemented with the vocational expert's underlying research and did not take the vocational expert up on his offer to "identify 270 jobs in the immediate, downtown Ft. Wayne area." (*See* Tr. 315-19.)  Considering that the instant case is distinguishable from *McKinnie* and that the Seventh Circuit Court of Appeals has not further clarified the meaning of the phrase "available on demand," the Court is persuaded that the Commissioner's defense of the ALJ's step five finding relying upon the vocational expert's testimony was rational.

At the end of the day, the Court must make only one global determination regarding whether the Commissioner's position was substantially justified. *Golembiewski*, 382 F.3d at 724; *Godbey v. Massanari*, No. 99 C 2690, 2001 WL 1035205, at *2 (N.D. Ill. Sept. 4, 2001); *Lane v. Apfel*, No. 99 C 2640, 2001 WL 521835, at *3 n.6 (N.D. Ill. May 16, 2001) (emphasizing that a court must not count arguments but rather focus on the "totality of the circumstances" when considering whether the Commissioner's position was substantially justified).  In this case, judging the totality of the circumstances is straightforward, as each argument advanced by the Commissioner in defense of the ALJ's decision was seemingly "substantially justified" in its own right. *See generally Cunningham*, 440 F.3d at 865 ("This is not a case in which the

6

Commissioner's position is based on speculation with no support in the record.").

Clearly, the Commissioner's position as a whole was substantially justified in this case, and as a result, Chorpenning's request for attorney fees will be denied.

### *C. Conclusion*

For the foregoing reasons, Chorpenning's motion (Docket # 25) and supplemental motion (Docket # 37) for attorney fees are DENIED.

SO ORDERED.

Enter for this 1st day of December, 2006.

            /S/ Roger B. Cosbey
            Roger B. Cosbey,
            United States Magistrate Judge