UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JANICE CHORPENNING,           )<br>                                             )<br>       Plaintiff,                       )<br>                                             )<br>       v.                                 )<br>                                             )<br>JO ANNE B. BARNHART, Commissioner of  )<br>Social Security,                       )<br>                                             )<br>       Defendant.                     ) | CAUSE NO.  1:05-CV-00369 |

## OPINION AND ORDER

Before the Court is a Motion to Alter or Amend Judgment Under Rule 59(e) (Docket # 42) filed by Plaintiff Janice Chorpenning, requesting that the Court reconsider its denial of her request for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (*See* Docket # 25, 37, 40.)  For the reasons set forth herein, Chorpenning's motion to reconsider will be DENIED.

### *A.  Background*

Chorpenning brought this suit to contest a denial of disability benefits by Defendant Jo Anne B. Barnhart, Commissioner of Social Security ("Commissioner"). (Docket # 1.)  On August 22, 2006, this Court entered an order that affirmed in part and reversed in part the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings. (Docket # 23.)  Specifically, the Court affirmed the ALJ's credibility determination but reversed and remanded the ALJ's consideration of Chorpenning's treating physicians' opinions and the ALJ's step five finding. (Docket # 23.)

Chorpenning then moved to recover attorney fees under the EAJA. (Docket # 25, 37.)

In its Opinion and Order dated December 1, 2006 (the "Order") (Docket # 40), this Court denied Chorpenning's request for EAJA fees, concluding that the Commissioner was substantially justified in defending its position under the totality of the circumstances and, furthermore, that "each argument advanced by the Commissioner in defense of the ALJ's decision was seemingly 'substantially justified' in its own right." (Order at 6.)

On December 11, 2006, Chorpenning filed the instant motion, requesting that the Court alter or amend its judgment under Rule 59(e). (Docket # 42.)

### B. Legal Standard

Federal Rule of Civil Procedure 59(e) permits parties to file a motion to alter or amend a judgment within ten days after entry of the judgment. Fed. R. Civ. P. 59(e); *see Brown v. Barnhart*, No. 00 C 816, 2002 WL 1377440, at *2 (N.D. Ill. June 24, 2002). A motion for reconsideration performs a valuable, but limited, function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996) (citation omitted); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (stating that the problems a motion to reconsider is designed to remedy "rarely arise and the motion to reconsider should be equally rare"); *Brown*, 2002 WL 1377440, at *2. Moreover, in that regard, "a motion to alter or amend a judgment is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (internal citations omitted); *Brown,* 2002 WL 1377440, at *2.

### C. Discussion

In her motion, Chorpenning contends that the ALJ's error in considering her treating physicians' opinions renders the Court's global determination to deny her EAJA fees a manifest error of law. Chorpenning's argument, however, is unpersuasive.

As the Court explained in its Order, under the EAJA "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The Seventh Circuit has explained that the "substantial justification" standard requires that the Commissioner show that its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (internal quotation marks omitted); *see also Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of establishing that its position was substantially justified. *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724.

In making a determination of substantial justification, EAJA fees may be awarded if either the Commissioner's prelitigation conduct or its litigation position was not substantially justified. 28 U.S.C. § 2412(d)(2)(D); *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724. However, the court must "make only one determination for the entire civil action." *Golembiewski*, 382 F.3d at 724. Thus, a court must make a "global assessment" to determine whether the Commissioner was "substantially justified in continuing to push forward at each

3

stage." *Hallmark Constr.*, 200 F.3d at 1081.

In the instant motion, Chorpenning asserts that the ALJ committed "a clear error of law" by failing to analyze the treating physicians' opinions with respect to the factors set forth in 20 C.F.R. § 404.1527(d) and by failing to assign the opinions an appropriate weight. (Mem. in Supp. of Mot. to Alter or Amend J. Under Rule 59(e) at 1.)  Thus, she contends that the Court erred when it determined in its Order that the Commissioner's defense of the ALJ's decision was substantially justified.

Indeed, the Seventh Circuit Court of Appeals has stated that the Commissioner's position is not substantially justified where it "violate[s] clear and long judicial precedent and violate[s] the Commissioner's own Ruling and Regulations." *Golembiewski*, 382 F.3d at 724; *see also Henderson v. Barnhart*, 257 F. Supp. 2d 1163, 1168 (E.D. Wis. 2002) ("Where an ALJ does not comply with the clear requirements of an SSR . . . and the Commissioner opposes reversal and remand, the Commissioner's position is not substantially justified." (citation omitted)). However, the Seventh Circuit has also emphasized that where an ALJ simply fails to explain his reasoning as carefully and throughly as necessary, then the Commissioner is substantially justified in defending the ALJ's actions. *Cunningham*, 440 F.3d at 865 (upholding a denial of attorney fees by distinguishing the ALJ's "fail[ure] to connect all the dots in his analysis" from the ALJ's failure in *Golembiewski* to engage in any credibility determination); *Stein v. Sullivan*, 966 F.2d 317, 319-20 (7th Cir. 1992) (explaining that, given that "the level of articulation required is far from precise," the ALJ's failure to meet the minimal articulation requirement "in no way necessitates a finding the [Commissioner's] position was not substantially justified.").

As the Court explained in its Order, in this instance the ALJ thoroughly summarized the

two treating physicians' opinions and contrasted inconsistencies he noted within and between the two opinions, ultimately concluding that neither opinion warranted controlling weight. (*See* Order at 4.) However, after reaching this determination, the ALJ failed to articulate his analysis of the factors under 20 C.F.R. § 404.1527(d) to assign each of the opinions an appropriate weight. (Order at 5.) In reaching the conclusion that the Commissioner's position was substantially justified, the Court considered it pivotal that the ALJ did indeed engage in an analysis of each of the two treating physicians' opinions under 20 C.F.R. § 404.1527(d), though the ALJ was not as thorough as he should have been. *See Cunningham*, 440 F.3d at 865.

The Court, therefore, perceives the instant case to be more analogous to *Cunningham*, than to *Golembiewski*.[1] *See Purvis v. Barnhart*, No. 1:04-cv-2124 DFH VSS, 2006 WL 3354518, at *2 (S.D. Ind. Nov. 16, 2006) ("In general, then, if the case for remand is strong and clear-cut, *Golembiewski* teaches that it will probably be an abuse of discretion to deny fees. If the case for remand is closer, and especially if it is focused primarily on an inadequate explanation of what might be a reasonable decision, *Cunningham* teaches that it will probably not be an abuse of discretion to deny fees."). Consequently, the Court does not find that it committed a manifest error of law when it determined that the Commissioner's defense of the ALJ's decision was substantially justified. *See Cunningham*, 440 F.3d at 865 ("This is not a case in which the Commissioner's position is based on speculation with no support in the record.").

---

[1] In *Golembiewski*, the body of the ALJ's decision contained *no* discussion regarding the claimant's credibility, and the ALJ mischaracterized the medical evidence, ignoring three distinct lines of evidence supporting Golembiewski's claim. *Golembiewski*, 382 F.3d at 724-25; *see also Cunningham*, 440 F.3d at 864-65. In contrast, in *Cunningham* the ALJ did "generally mention" the objective medical evidence, which supported the ALJ's conclusion, but failed to "adequately explain the connection" between the medical evidence and his credibility determination. *Cunningham*, 440 F.3d at 864-65 ("We have no trouble concluding the Commissioner's position was substantially justified, even though the ALJ was not as thorough in his analysis as he could have been.").

Moreover, in the instant motion Chorpenning fails to mention that the Court determined in its Order that the Commissioner was substantially justified in defending *all three* of its arguments.  Thus, Chorpenning does not explain, much less cite any authority for, how the ALJ's error concerning her treating physicians' opinions would render the Court's "global assessment" for the entire civil action to be a manifest error of law.  In fact, the Seventh Circuit Court of Appeals has specifically stated that "being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action." *Jackson v. Chater,* 94 F.3d 274, 279-80 (7th Cir. 1996); *compare id.*, *with Koschnitzke v. Barnhart*, 293 F. Supp. 2d 943, 952 (E.D. Wis. 2003) (denying fees where two of the three issues advanced by the Commissioner lacked substantial justification); *see also Cunningham*, 440 F.3d at 864 ("In short, the ALJ's decision in *Golembiewski* contained several significant flaws that are not present in Cunningham's case.").

Clearly, the argument advanced by Chorpenning in support of her Rule 59(e) motion in this instance does not merit the relief she requests.  Therefore, Chorpenning's request that the Court alter or amend its Order will be denied.

### *D.  Conclusion*

For the foregoing reasons, Plaintiff's Motion to Alter or Amend Judgment Under Rule 59(e) (Docket # 42) is DENIED.  SO ORDERED.

Enter for this 5th day of March, 2007.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

6